MINOR *against* MEAD and another.

*Fairfield,*
June,
1820.

Minor
*v.*
Mead.

In an action on a probate bond, alleging, as a breach, the neglect of the administrator to make and exhibit an inventory of certain property belonging to the intestate, within the time specified in the condition of the bond ; it was held, 1. that a right of action accrued by such neglect, although the time limited for rendering the administration account had not expired ; and, 2. that the rule of damages was a sum not exceeding the value of the estate omitted to be inventoried, nor the amount of the debt for which the action was brought.

It is the duty of an administrator, to whom the intestate had made a fraudulent conveyance, to inventory the estate so conveyed, as the estate of the intestate, without waiting to ascertain whether it will in fact be wanted for the payment of debts.

An error apparent on the record, cannot be taken advantage of, on a motion for a new trial.

THIS was an action on a bond, executed to the plaintiff, as judge of probate, by *Darius Mead,* administrator of the estate of *Eliphalet Mead,* deceased, and *Gilbert Close,* his surety. The action was commenced on the 30th of *March,* 1819. The defendants, having prayed oyer of the condition, which was in the form prescribed by statute, requiring a true and perfect inventory to be made and exhibited within two months, pleaded performance generally. The replication set forth a breach, by the administrator's neglect to make and exhibit an inventory of certain tracts of land, of the value of 5000 dollars, sundry articles of personal property, of the value of 400 dollars, and credits to the amount of 500 dollars; which lands, chattels and credits were owned and possessed by *Eliphalet Mead,* as his own proper estate, at the time of his death, and came into the administrator's hands. This was traversed, by the defendants ; on which issue was joined.

The cause was tried at *Fairfield, December* term, 1819, before *Bristol,* J.

On the trial, the plaintiff, to make out his case, offered in evidence an inventory of the estate of the deceased; the representation that the estate was insolvent, and the appointment of commissioners ; the report of the commissioners, containing a debt due from the deceased to *Ebenezer Mead,* and the order of the judge of probate thereon ; and the administration account, and the doings of the court of probate thereon. To the admission of these documents the defend-

*Fairfield,*
*June,*
1820.

*Minor*
*v.*
*Mead.*

ants objected, on the ground that they were irrelevant; but the judge overruled the objection, and admitted them.

*Eliphalet Mead* died intestate; and *Darius Mead,* one of the defendants, was his only child, and heir at law. Administration on his estate, was granted to the latter, on the 5th of *May,* 1818; when the bond in suit was executed; and the administrator was required to render an account of his administration, at a time subsequent to the commencement of this action.

About eighteen years ago, the deceased, in consideration of love and affection for his son, the defendant, conveyed to him one moiety of the lands described in the plaintiff's replication; and some time afterwards, for the same consideration and fifty dollars, he conveyed the residue. At the date of the latter conveyance, the debt from the deceased to *Ebenezer Mead,* mentioned in the report of the commissioners, was due. The defendants produced no evidence to shew, that any pecuniary consideration was in fact paid. It was admitted, that the lands so conveyed were of greater value than the amount of the plaintiff's debt. Upon these facts, the defendants claimed, that the deceased was not seised or possessed of such lands, at the time of his death; but that they were owned by *Darius Mead,* one of the defendants. The plaintiff contended, that the deeds were fraudulent and void; and introduced testimony to shew, that all the estate of the deceased was thereby conveyed to his son. The plaintiff also introduced evidence to shew, that the deceased died possessed of certain personal estate, which came to the administrator's knowledge, and which he omitted to inventory: and the defendants, on the other hand, introduced evidence to shew, that the defendant left no such personal estate, and that none came to the administrator's knowledge or possession. The defendants insisted, that the deeds were valid. They contended further, that the defendants were not liable in this action, for the omission to inventory the lands, even if the deeds were fraudulent and void: because under these pleadings the court could not take into consideration the debt due to *Ebenezer Mead,* mentioned in the report of the commissioners; nor could the plaintiff recover the amount of that debt for *Ebenezer Mead's* benefit; the action having been brought prior to the time, when, by the order of the court of probate, the defendant was to render an account of his administration.

They insisted, that the administrator was not bound to exhibit an inventory of the lands, admitting the deeds to be fraudulent, until after the time when he was to render an account of his administration, as it could not appear, until that time, whether the lands might be wanted for the payment of the debts; that neither the amount of the debt, nor the value of the lands, formed any rule of damages; and that if any thing could be recovered, the damages ought to be merely nominal.

*Fairfield,*
*June,*
*1820.*

Minor
*v.*
Mead.

The judge charged the jury, that if they found the conveyances fraudulent, the lands described in the plaintiff's replication ought to have been inventoried by the administrator; and that they might assess, as damages, such sum as should neither exceed the amount of the debt due to *Ebenezer Mead,* nor the value of the real and personal estate, which the administrator had omitted to inventory.

The jury returned a verdict for the plaintiff, with damages to the amount of the debt due to *Ebenezer Mead;* and the defendants moved for a new trial. The judge reserved the motion.

*N. Smith* and *E. Swift,* in support of the motion, contended, 1. That the documents exhibited by the plaintiff, particularly, the report of the commissioners, were improperly admitted. If they were relevant for any purpose, it was either to shew for whose benefit the suit was prosecuted, or to furnish a rule of damages. As to the former, there was no averment on the record. Now, if it was unnecessary to *aver* that fact, it was, *a fortiori,* unnecessary to *prove* it: for the same reason must have existed for dispensing with the averment, with this superadded, that the want of the averment, of itself, rendered the proof unnecessary. Whether it was proper, in relation to the damages, depends upon another point in the case.

2. That this suit was commenced before any right of action had accrued; the time limited for the administrator to settle the estate not having expired. The intestate did not in fact die seised and possessed of these lands. No one but a creditor could ever object to the validity of the conveyance. The administrator was not bound to inventory estate thus situated, until it was wanted for the payment of the debts of the grantor: but this could not be ascertained until after

*Fairfield,*
*June,*
*1820.*

*Minor*
*v.*
*Mead.*

the time limited for the settlement of the estate had elapsed. There must be a violation of duty, to constitute a breach of the bond. But if this estate is not wanted for the payment of debts; if there are no unsatisfied creditors to interpose their claims; the estate is well vested in the grantee; and it is no more the duty of the administrator to inventory this than any other property.

3. That the rule of damages stated in the charge was incorrect. If a right of action had accrued, no more than nominal damages ought to be recovered; the ground of recovery being merely the not making of an inventory of the property claimed, within the precise time limited in the condition of the bond. The creditors might be paid in full, by the time limited for the settlement of the estate. But admitting, that something more than nominal damages, in a case like this, ought to be recovered; still the damages ought not to be measured, by the amount of the creditors' debts, provided only that such debts do not exceed the value of the property left out of the inventory. The object of the suit is to compel the administrator to do his duty: and the damages ought to be such reasonable sum as will effect that object. He ought merely to be punished for his neglect of duty, according to his obstinacy. But it is absurd and unjust to visit a temporary delay in the discharge of official duty, with consequences so highly penal as those sanctioned by the charge.

4. That if the plaintiff sought to recover for the benefit of a particular creditor, and to the amount of his debt, the replication ought to have named that creditor, and to have stated the amount of his debt.

*Sherman* and *Bissel*, contra, contended, 1. That the documents introduced by the plaintiff, were relevant and proper, to exhibit the state of the case, and to shew. in connexion with the other evidence, the nature and extent of the breach: but if otherwise, the admission of them constituted no ground for a new trial.

2. That the conveyance being fraudulent and void, the lands in question were the estate of *Eliphalet Mead,* at his death. The party in whose favour a conveyance is declared to be fraudulent, stands upon the same ground, with respect to the estate, fraudulently conveyed, as though no conveyance had been attempted. *Rob. Fraud. Con.* 591. 600. & seq.

During the life of *Eliphalet Mead*, this estate might have been levied upon as *his* estate. Now, a creditor can reach it only by a suit on the administration bond.

*Fairfield,*
*June,*
*1820.*

*Minor*
*v.*
*Mead.*

3. That there was a breach of the bond, by which the plaintiff's right of action accrued, before the commencement of the suit. By the condition of the bond, the administrator was required to make a true and perfect inventory of all the estate of the deceased, which should come into his hands, possession, or knowledge, and to exhibit it to the court of probate, *within two months* from the date of the bond. As he was a party to the fraudulent conveyance, he *knew* to whom the estate belonged; and it was in his *possession*. The settlement of the administrator's account is foreign to this subject.

4. That it was not necessary, that it should appear upon the record, for whose benefit the suit was brought; or, in other words, for whom the plaintiff was trustee.

5. That the rule of damages stated by the judge in his charge, was correct. The object of the bond is to provide a fund for the injured creditors. They cannot be entitled to *redress* beyond the amount of their claims; and the *administrator* cannot be *subjected* beyond the value of the property, which he has withheld. These restrictions are reasonable and proper: but to go further would defeat the object of the law.

Hosmer, Ch. J. I shall restrict my opinion in this case to the principal questions made in the argument; the other objections, appearing on the record, having been expressly, or impliedly, waived.

It was, in the first place, contended, that the action had been prematurely brought; having been commenced prior to the time, when, by the order of the court of probate, the defendants were to render an account of their administration. This action is founded on the not making and exhibiting a true and perfect inventory, within the time mentioned in the condition of the bond. This period had been permitted to elapse, without the exhibition of an inventory; and by necessary legal consequence, the bond was broken, and the cause of action accrued. To the court of probate it belongs to limit the period within which the inventory shall be made; and for this court to prolong the time, would be an unwar-

*Fairfield,*
*June,*
1820.

*Minor*
*v.*
Mead.

rantable assumption of jurisdiction, and dispensing with the solemn contract the defendants have made. The time within which the account was to have been rendered,—one of the last acts of administration,—has no bearing on the point in question. It is sufficient, that the contract was infracted, in the particular for which the plaintiff has instituted his suit.

It is next objected, that the replication has not shown for whose benefit the suit was brought, nor given a rule of damages. This is a question on the record, and applies itself to the legal sufficiency of the pleadings. If it is an error, it cannot be reached by a motion for a new trial.

It has been made a question, though not much insisted on, whether the administrator was obliged to inventory the real estate fraudulently conveyed to him by the intestate, until it was ascertained that it was actually wanted for the payment of debts. On this subject there exists no controversy. The fraud having been found by the jury, the deed conveying the real estate was utterly void as against creditors, and the intestate died possessed of it. *Perrot* v. *Austin, Cro. Eliz.* 232. *Bethel* v. *Stanhope, Cro. Eliz.* 810. *Pope* v. *Skinner, Hob. Rep.* 72. *Gooch's* case, 5 *Co.* 60. It is not distinguishable, so far as relates to the inventory, from the residue of the intestate's estate.

The rule of damages adopted was entirely correct. By the omission to perform the condition of the bond, the penalty became forfeited; and the principle of equitable mitigation, was the one stated by the court. The jury were directed to assess damages, not exceeding the value of the estate omitted to be inventoried, nor the amount of the debt for which the suit was brought. The object of the law requires the adoption of this rule. It is impossible to determine before-hand, that any sum short of this, will coerce the making and exhibiting of an inventory; and if a second suit might be instituted, (which I do not admit) for any subsequent omission on this subject, a delay, unjust, and ascribable to the official misconduct of the administrator, would be the inevitable consequence. *Volenti non fit injuria,* may, not unjustly, be applied in this case. If the administrator is subjected to any loss or inconvenience, from the estimate which the jury may put on the property, or other cause, he has no ground of complaint. But, on the other hand, if the creditor is allowed to recover a sum sufficient only to move the administrator to the per-

formance of his duty,—a matter of mere speculation, and indefinable by any rule,—he is made to suffer for the misconduct of another.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial not to be granted.