B. & P. WILLOUGHBY, administrators, &c. vs. McCLUER
and HOLBROOK.

In an action against an administrator, a creditor is not concluded by the inventory, but may shew the goods and chattels inventoried to be of a *greater value* than the amount specified in the same. Nor would the administrator, it *seems*, be concluded by the inventory.

ERROR from the Chatauque common pleas. McCluer and Holbrook brought an action of assumpsit in the common pleas against the plaintiffs in error, who pleaded *plene administravit*, to which plea the plaintiffs replied, that at the commencement of the suit, the defendants had sufficient goods and chattels unadministered to pay and satisfy their demand, and concluded to the country.

On the trial of the cause, the plaintiffs proved their demand to the amount of $64 75. The defendants produced an inventory, regularly made by two appraisers and filed in the office of the surrogate, and proved payments made by them to the amount at which the property was appraised. The plaintiffs then offered to prove that the property had been undervalued in the appraisement which had been made, and that various articles of the property had been sold by the administrators for a greater sum than specified in the inventory.

This testimony was objected to, but received, and the defendants excepted. The plaintiffs then proved that the value of many articles enumerated in the inventory was double that specified in the same. Several witnesses were called by the plaintiffs to this point. One of the appraisers testified to the correctness of the appraisal ; but the jury, under the charge of the court, found a verdict for the plaintiffs, on which judgment was entered that the plaintiffs recover of the defendants the sum found by the jury, viz. $64 81 and $52 71 costs, &c. to be levied *de bonis intestatoris si, &c. et si non*

*de bonis propriis;* and if sufficient goods and chattels of the said defendants cannot be found to levy the said sum of $52 71, being for the costs and charges aforesaid, then the said sum of $117 52 (the *toto attingens*) to be levied of the lands and tenements of the defendants.

*S. A. Foot,* for plaintiffs in error.   The truth or falsity of the plea of *plene administravit* must be determined by reference to the inventory alone.   (12 *Johns. R.* 120.)   Under this plea the sole question is, whether the party has administered according to the inventory, not whether he has made a true and perfect inventory.   Was it intended to call the correctness of the inventory in question, a suit should have been brought upon the administrator's bond required by statute, and the breach assigned that they had not made a true and perfect inventory, and then the party would come prepared to answer.   Admitting it might be just to hold the administrator for the excess at which property sells beyond the amount appraised, it cannot be proper to admit evidence to shew that it was undervalued, as it might subject administrators to grievous losses, the value of property being fluctuating.

*S. Stevens,* for defendants.   The replication of the plaintiffs was, that the defendants had sufficient goods and chattels of the intestate to pay and satisfy the plaintiffs' demand, and they had a right to prove the fact.   The plaintiffs were not parties to the inventory, and are not precluded by it.   (2 *Phil. Ev.* 296.   *Bull. N. P.* 140.   *Peake's Ev.* 347.   2 *Johns. C. R.* 62, 101.)   The evidence was submitted to a jury, and they found for the plaintiffs.   The case in 12 *Johnson* does not touch the question now before the court.   All that is there decided is, that the executor is not liable to the creditor for the avails of real estate sold, as for assets on hand.

*By the Court,* SAVAGE, Ch. J.   By the English books, it seems to be understood that an inventory is not conclusive, either for or against an executor.   (*Toller's Law of Executors,* 249.   3 *Bacon's Abr.* 45.   2 *Fonbl.* 418, *n. a.*   1 *Salk.* 316.   2 *Ves.* 194.)   The executor is to be responsible for

the assets of his testator; and there is no reason why, by procuring a low appraisement, he should pocket the difference between the actual and the appraised value; nor, on the other hand, that he should be responsible for the appraised value, when he can shew it was much beyond what the article would or did bring at a fair sale. The case of *Tappen* v. *Kain*, (12 *Johns. R.* 120,) is supposed to establish the doctrine, that the truth or falsity of a plea of plene administravit must be determined by the inventory only. Such is the language of Platt, justice, who delivered the opinion of the court in that case, and, in reference to the facts of that case, it was correct. The point decided there was, that where the whole real estate is sold for the payment of debts, by order of the surrogate, the executor is not responsible for the avails to the creditor directly as for assets, but to the surrogate as trustee. The remark, that executors could only be responsible for the amount of the inventory, must be understood as applicable to such a case, and not as a universal rule; for, as such, it is entirely unsupported by authority.

A fair construction of the statute, (1 *R. L.* 311,) supports the rule as decided by the court below. That no executor shall be cited in the court of probates to account only by the inventory, unless *by a creditor*, &c. plainly implies that the persons excepted may cite him to account by something else beside the inventory. This statute is substantially like the English statute, where the rule is, that at common law, the inventory is enquirable into, and the executor must account for all assets in his hands. The common pleas, therefore, decided correctly.

There is a clerical error in the record; but the judgment is substantially right. The administrators having pleaded a false plea, became personally responsible, not only for the costs but the debt. The form, however is, that it be collected *de bonis testatoris si*, &c. *et si non, de bonis propriis.*

Judgment affirmed.