*Hartford,*
June, 1844.

Brown
*v.*
The Chickopee
Falls Compa-
ny.

| 16 | 87 |
| 66 | 547 |

### BROWN *against* THE CHICKOPEE FALLS COMPANY.

In this state. the right of a person to replevy goods attached in a suit against another person, is given by the 8th section of the statute authorizing writs of replevin, as revised in 1821, and exists only in favour of the owner of the goods, who is required to make out a title thereto.

A person having a lien on goods attached in a suit against another person, who is the general owner, with no other interest therein, has not such a title to the property, as will, under the statute, enable him to maintain an action of replevin.

THIS was an action of replevin for certain window sashes, doors and boxes of glass, attached on a writ of attachment, in favour of the present defendants, against *Samuel Whitmarsh.*

The defendants pleaded, that the goods in the plaintiff's declaration mentioned, were not, at the time they were attached, or at the time of suing out said writ, the proper goods and estate of the plaintiff.

On this issue the cause was tried, at *Hartford, September* term, 1843, before *Waite,* J.

In the latter part of the summer of 1840, *Samuel Whitmarsh,* who then resided in *Jamaica, W. I.,* and was a partner in, and acted as the agent of, a certain unincorporated association, called *The Jamaica Silk Company,* consisting principally of individuals of wealth residing in that island, contracted, in behalf of said company, with *Eliel Barnard,* of *Cabotville,* in the town of *Springfield, Mass.,* to make and furnish the sashes and doors mentioned in the plaintiff's declaration; *Whitmarsh,* at the same time. informing *Barnard,* that payment would be made therefor, by said company, through the house of *Howland & Aspinwall,* of the city of *New-York,* who would have funds of said company in their hands for the purpose. *Whitmarsh* then was, and ever since has been, insolvent. The goods in question were attached as his property, at the suit of *The Chickopee Falls Company,* at the time mentioned in the declaration, while they were on board a vessel in *Connecticut* river, at *Hartford,* and on their passage from *Cabotville* to the city of *New-York.*

The plaintiff claimed to have proved, that he had procured the goods in question of *Barnard,* for *The Jamaica Silk Company,* and had paid him therefor, and had charged over the

*Hartford*,
June, 1844.

Brown
*v.*
The Chickopee
Falls Compa-
ny.

amount to said company. There was no evidence that any notice of a lien or right of stoppage *in transitu*, in favour of the plaintiff, had ever been given to the officer who attached the property, or to the defendants.

From the evidence adduced (*a*) the plaintiff claimed, that at the time the goods were attached, and also at the time they were replevied, he had a lien thereon, whether they were to be considered as the property of *The Jamaica Silk Company*, or of *Whitmarsh*, for the balance due to him from that company, in one case, or from *Whitmarsh*, in the other. The plaintiff also claimed, that if the goods belonged to *Whitmarsh*, if he, the plaintiff, had no other lien thereon, he had the right of stoppage *in transitu*, as *Whitmarsh* was insolvent ; but the plaintiff made no claim of any other right in or title to the goods than such lien or right of stoppage *in transitu*.

The defendants claimed, that the evidence showed no such lien or right of stoppage *in transitu* in the plaintiff, as was claimed by him ; and if otherwise, that such lien or right of stoppage *in transitu* was not a sufficient title in the plaintiff to enable him to maintain the present action ; and if it was, that still he could not maintain this action, unless before replevying the goods, he gave notice of such lien or right of stoppage *in transitu*, either to the officer who attached and held them, or to the defendants.

The court charged the jury, that the evidence showed no such lien or right of stoppage *in transitu* as would enable the plaintiff to maintain this action ; and directed them to return a verdict for the defendants ; which they accordingly did.

The plaintiff thereupon moved for a new trial for a misdirection.

*T. C. Perkins*, in support of the motion, contended, 1. That the plaintiff, being the foreign factor both of *The Jamaica Silk Company*, and of *Whitmarsh*, had a lien upon the goods. *Sto. Ag*. 32. and *n. Brooks* v. *Bryce*, 21 *Wend*. 14. *Stevens* v. *Robins*, 12 *Mass. R*. 180. 2 *McLean's R*. 145. 153. *Sto. Ag*. 385, 6.

(*a*) This evidence is detailed in the motion; but it does not seem necessary to state it here, in order to present the point decided.

2. That a lien on goods gives him who has such lien a *special interest* sufficient to enable him to maintain replevin. *Stat.* 504. *tit.* 84. *s.* 8. (ed. 1838.) To maintain this action, it is not necessary that the plaintiff should have the absolute interest in the property ; a special interest, which would entitle him to the possession, is sufficient. 22 *Wend.* 662. He who holds goods by virtue of a lien thereon, needs this remedy as much as the absolute owner. He is truly " the owner," though his interest is a qualified one. This is unquestionably sufficient to uphold an action of trover. *Burton* v. *Hughes*, 2 *Bing.* 173. (9 *E. C. L.* 368.) And if trover, why not replevin ? This case is within both the letter and the spirit of our statute.

3. That the plaintiff having a special ownership, possession and right of possession, it was not incumbent on him to give notice to the attaching officer of the amount of his lien.

*Hungerford* and *Cone*, contra, contended, 1. That the nature of the plaintiff's employment or agency was incompatible with any right of lien in him ; and of course, he had no lien on the goods in question. 2 *Kent's Com.* 501. *Sto. Ag.* 375. *Jarvis* v. *Rogers*, 15 *Mass. R.* 389. *Gilmore* v. *Brown*, 1 *Mason's R.* 191. *Williams* v. *Littlefield*, 12 *Wend.* 367.

2. That if the plaintiff had a lien, he parted with it before the attachment of the goods. *Stanton* v. *Eager*, 16 *Pick.* 467. *Chapman* v. *Searle*, 3 *Pick.* 38. *Parks* v. *Hall*, 2 *Pick.* 206. *Barrett* v. *Pritchard*, 2 *Pick.* 512. 515.

3. That if he had a lien subsisting at the time of the attachment, this was not such a title as would enable him to maintain an action of replevin. *Stat.* 504. *tit.* 84. *s.* 8. (ed. 1838.) *Watson* v. *Watson*, 9 *Conn. R.* 140. *Watson* v. *Watson*, 10 *Conn. R.* 75.

4. That if replevin was the proper remedy, the plaintiff could not maintain that action, without previously giving notice of his lien. *Page* v. *Crosby*, 24 *Pick.* 211.

WAITE, J. The goods in question were attached, by the defendants, as the property of *Samuel Whitmarsh.* The plaintiff caused them to be replevied ; and a question arises, whether upon the facts, as he claims them to be, he can sustain his action of replevin.

*Hartford, June, 1844.*

Brown
*v.*
The Chickopee Falls Company.

*Hartford*,
June, 1844.
─────
Brown
*v.*
The Chickopee
Falls Compa-
ny.

By the law of this state, as settled by the decision of our courts, this action will lie only where cattle have been distrained, or personal property has been attached.    *Watson* v. *Watson*, 9 *Conn. R.* 141.    *Watson* v. *Watson*, 10 *Conn. R.* 76.    And in the latter case, until the revision of our statutes in 1821, that remedy was not extended to a person who was not a party to the suit in which the goods were attached. Such person stood in the same situation, as if his property had been taken from him without any colour of law.    He was obliged to resort to his action of trespass or trover, for the recovery of damages, and could not have his goods specifically restored to him, by a writ of replevin.

The object of our law seems to have been to extend this remedy to cases only where goods had been taken from the owner by authority of law.    He was thereby enabled to regain possession of them, by substituting his bond.    This remedy was peculiarly necessary where goods were attached, as the owner could sustain no action of trespass for the taking, the attachment being legal; and without the aid of a replevin, he might be entirely deprived of the use of his property during the pendency of the suit in which they had been attached.    But where the goods of a stranger to the suit were attached, the law gave him an immediate right of action against the person taking them.

At the revision of our statutes in 1821, this remedy by replevin, was extended to the case of a person, whose goods had been taken from him, by a writ of attachment against another person.    If, therefore, the plaintiff can sustain his action, it must be by virtue of the provisions contained in our revised statutes.    They authorize a person, who shall claim to be the *owner* of goods attached, in a suit against another person, to replevy them, but further provide, that if he fail to make out a *title* to them, judgment shall be rendered against him.    *Stat*. 504. *tit*. 84. *s*. 8. (ed. 1838.)

From the facts disclosed in the motion does it appear, that the plaintiff was the *owner* of the goods in question, and that he has made out a *title* to them, within the meaning of the act?

He does not claim to be such owner, according to the ordinary acceptation of the term.    The goods were purchased, by *Whitmarsh*, either for himself, or the *Jamaica Silk Manufacturing Company*, an unincorporated company, of which

he was a member : and so far as the present question is concerned, it is immaterial which.   All that the plaintiff claims, is a *lien* upon them for the balances due him from the general owner.   Hence the question is reduced to this; whether upon a fair construction of our statute, this remedy, by a writ of replevin, is extended to a person having but a mere *lien* upon goods attached in a suit against the general owner.

It has always been the policy of our law to hold every man's property liable for the payment of his debts.   If the plaintiff's construction is to prevail, it places it in the power of a person having a mere lien upon property, to shield it against attachments in favour of the creditors of the general owner.   A common carrier, for instance, employed to transport goods, and having thereby a lien upon them, small in amount compared with their value, may defeat the attachment of a creditor of the owner, and, as in this case, send them beyond the jurisdiction of the state.   So a goldsmith, employed to make some trifling repairs upon a watch, may shield it from attachment.   Each may be entitled to retain possession until his lien is extinguished; and if deprived of that possession, even by an attachment in a suit against the general owner, he may have his remedy against the attaching officer.   But that remedy, we think, must be in a suit wherein he will be entitled to recover damages commensurate with the injury he has sustained, and not one wherein the goods are to be specifically restored to him.

Besides, one object of the law in allowing a person to replevy his goods, is, that he may be restored to the use and enjoyment of them.   But a person who has merely a lien upon them, does not need them for any such purpose.   His claim is a debt against the owner ; and all he is entitled to receive, is satisfaction for that debt.   This he can obtain, without the aid of a writ of replevin.

Upon the whole, we are satisfied, that if the plaintiff had the lien which he claims, he had not such a *title* to the property, as, under our statute, enables him to sustain his action of replevin.

A new trial, therefore, must be denied.

In this opinion the other Judges concurred.

New trial not to be granted.