MERIDEN BRITANNIA COMPANY *vs.* CHARLES R. WHEDON.

An officer attached certain personal property. A third party served upon him and upon the plaintiff in the attachment suit, a notice that a replevin suit would be brought, and the next day the writ of replevin was served upon the officer. After the notice, and before the service of the replevin writ, the attachment suit was withdrawn, and the officer delivered the property to the defendant in that suit. The plaintiff in the replevin suit applied for a mandamus to compel the officer to deliver the property to the officer serving the writ of replevin. The application alleged that the applicant was in possession of the property at the time it was attached, but it was not averred that he was the owner of the property, nor that the writ of replevin alleged such ownership. The officer made a return to the writ of mandamus alleging the withdrawal of the attachment suit and the delivery of the property to the defendant in that suit. To this the applicant demurred. Held, 1. That the return would seem to be sufficient, since the object of the statute providing for the action of replevin in such cases, was to give a claimant of the property an opportunity to try the question of his title to it, and the applicant could try this question in a suit against the original defendant as well as in the replevin suit. 2. But that, whether the return was in itself sufficient or not, it was sufficient for the application, which was clearly demurrable in not alleging that the property sought to be replevied belonged to the plaintiff therein.

Whether the application was not insufficient in not also averring that the writ of replevin contained an allegation that the property belonged to the plaintiff therein : *Quere.*

The rule that possession is prima facie evidence of title, has no application to pleading, and where a title is necessary it is not enough to allege possession.

APPLICATION for a mandamus, reserved by the superior court, on a demurrer to the return, for the advice of this court. The case is sufficiently stated in the opinion.

*Platt*, for the applicants.

*Doolittle*, for the respondent.

Meriden Britannia Co. *v*. Whedon.

DUTTON, J. This is an application for a mandamus.

The complainants allege that they were in the possession of certain personal property, and that while so possessed it was attached by the defendant, as an officer, as the property of one Wright; that they gave notice to the attaching creditor and to the defendant on the 14th day of March, 1862, that an application to replevy the property would be made; that on the 15th a writ of replevin was issued and a demand on it made upon the defendant, all in due form of law; and that he refused to deliver it to the officer who served the writ of replevin; praying for a mandamus. The complaint contains no allegation that the complainants were the owners of the property or that the declaration in the writ of replevin contained such an averment. The defendant made a return, alleging in substance that before the issuing of the replevin writ the attachment suit was settled and withdrawn, and that he had delivered the property to the defendant in that suit, from whom it was taken. To this return the complainant demurred; and the question for us to determine is, whether the demurrer should or should not be overruled.

The defendant insists that until the replevin writ was actually issued, he not only had the right, but that it was his duty, when notified that the attachment suit was settled, to deliver up the property to the defendant in that suit, inasmuch as he was directed by the writ of attachment to take it as his property. The complainants insist that after the notice was served on the officer he was bound to retain the property, so that he might deliver it to the officer serving the writ of replevin. The defendant, by not denying, virtually admits the service of the notice upon him before he delivered np the property to the defendant in the attachment suit; so that the return is substantially this, that he did not at the time of the service of the replevin hold the property by attachment. As the writ of replevin is only allowed in this state in two cases, " first, in favor of any person to recover his cattle when impounded; and second, in favor of any person claiming to be the owner of goods or chattels attached in any suit other than the defendant therein," (Rev. Stat., tit. 1,

sec. 253 ;) and as all the provisions of the statute under the last head show that the object of the legislature was to furnish a convenient mode of trying titles between an attaching creditor and some third party who claims the property, it may well be doubted whether this would not in any case be a sufficient return. The bond to be given by the plaintiff in replevin is to be given to the plaintiff in the attachment suit. Rev. Stat., tit. 1, sec. 261. What propriety would there be in having such a bond given to a plaintiff who has relinquished his attachment? The only question as to the title to the property, after such relinquishment, if any, would be between such claimant and the defendant in the attachment suit; and the proceedings in the replevin suit would only embarrass the trial of that question. Indeed, in most instances, replevin is resorted to, where, as in the case of fraudulent conveyances, the defendant in the attachment suit can not deny, and is not disposed to deny, the title of the claimant.

But it is unnecessary in this case to consider this question further, because we are clearly of opinion that the return, which is in the nature of a plea, is a sufficient answer to the complaint. If the return is demurrable so is the complaint, and consequently judgment should be given for the defendant. 1 Chitty Pl., 668.

In this view of the case the question is, whether the court should use its extraordinary power of issuing a mandamus to compel the restoration of property to a person who does not claim even the right of possession. Why order property to be returned to one who, so far as the court can know, can not hold it? The statute does not authorize any one to procure a writ of replevin in such a case who does not claim to be the owner of the property. This court has held that even a lien on the property sought to be replevied is insufficient to authorize the writ. *Brown* v. *Chicopee Falls Co.*, 16 Conn., 87.

Although evidence of possession is often sufficient prima facie evidence of title, yet this rule will not apply to averments in pleading, where the presumptions are against the pleader, and where, if a party does not allege a title in himself, where

such title is necessary to a recovery in his favor, the inference is, that he omits the allegation because he is conscious that he can not sustain it. Since therefore the complaint in this case is defective in substance, in not alleging a title to the property, and perhaps also in not alleging that the declaration in the replevin suit contained such an averment, we advise the superior court that judgment should be rendered for the respondent.

In this opinion the other judges concurred.