RUFUS BLAKEMAN, JUDGE OF PROBATE, *vs.* ABEL SHERWOOD.

Under the act of 1848, (Rev. Stat., tit. 1, § 100,) which provides that in suits on probate bonds the declaration shall set forth the names and interest of the parties for whose benefit the suit is brought, the parties thus named are not to be regarded as the plaintiffs on the record.

Persons having an ultimate interest in estates as heirs, devisees or creditors, may cause suits to be instituted on probate bonds for their benefit, for any neglect of duty which may work a substantial injury to them; and such interest will be sufficient although it has not been definitely ascertained by settlement of the administration account, distribution, or other mode.

And where a suit was brought on a probate bond for the benefit of certain heirs, for the neglect of an administrator to inventory certain personal property belonging to the estate, it was held that the recovery should be of the value of the whole property not inventoried, and not of the value of the particular interest of the heirs for whose benefit the suit was brought.

DEBT on a probate bond ; tried in the superior court on the general issue, with notice, before *Park, J.*

The breach claimed was the neglect of the defendant as administrator of the estate of Emeline Sherwood, to inventory certain property alleged to belong to the estate. The allegation of the declaration with regard to the parties for whose benefit the suit was brought was as follows :—" And this suit is brought for the special use and benefit of Horace Ogden, Hezekiah Ogden, Caroline Banks and John Banks, (husband and wife,) Angeline Ogden and Sally Ogden, all of said town of Fairfield, who are the only heirs at law of said Emeline Sherwood deceased, and as such will be entitled to the amount which may be recovered in this suit." On the trial the defendant contended, and offered evidence to show, that the property in question did not belong to the intestate, and this question was left upon the evidence to the jury. He also offered proof that there had been no settlement of his administration account, and that the time within which by the terms of the bond it was to have been made, had been extended by the court of probate before the action was brought, and that the extended time had not expired at the commencement of the suit ; and he contended, and requested the court to charge the jury, that, as there had been no such settlement, and no ascertainment by the court of probate of the amount of the estate, if any, which would be left to the heirs after the payment of debts and the expenses of administration, the action could not be maintained for their benefit. He further contended, and requested the court to charge the jury, that if there could be a recovery for the benefit of the heirs in question, the recovery could not be for the whole value of the property not inventoried, but only for such special damages, if any, as these heirs had sustained by reason of the neglect to inventory the property.

The court charged the jury that the plaintiff could recover notwithstanding the estate had not been settled, and the interests of the parties for whose benefit the suit was brought had not been definitely ascertained, and that if the plaintiff was

entitled to recover he was entitled to recover the full value of the property in question.

The jury having returned a verdict for the plaintiff the defendant moved for a new trial. He also moved in arrest of judgment for the insufficiency of the declaration, which motion was reserved with the other for the advice of this court.

*Hawley*, with whom was *Seeley*, in support of the motions.

The action is in reality an action by the heirs, and not by the judge of probate. As remarked by Ellsworth, J., in *Taylor* v. *Mygatt*, 26 Conn., 191, the person for whose benefit the suit is brought " is the real plaintiff in the case." This being so, the same rules and principles are of course to be applied as if the action was brought in their names. No nominal damages could be recovered for a technical breach by which the party has sustained no injury. *Taylor* v. *Mygatt*, 26 Conn., 184 ; *Olmstead* v. *Brush*, 27 id., 530. There had here been no settlement of the administration account, and the time allowed for it by the court of probate had not expired when the action was commenced, nor in fact at the time of trial. The heirs have no title to personalty, except through the administrator. Until a settlement the title is in him, and the heirs can have none until such settlement. *Wells* v. *Cowles*, 4 Conn., 182 ; *Roorback* v. *Lord*, id., 347, 349 ; *Roath* v. *Smith*, 5 id., 133. Until such settlement it can not be known to what, if to any thing, the heirs are entitled, for till then it can not be known what the debts, funeral expenses, probate fees, and expenses of administration are. Under our statute with regard to penal bonds (Rev. Stat., tit. 1, sec. 151,) the jury are " to assess such damages as are justly and equitably due." It would be impossible before such a settlement to ascertain what would be " justly and equitably due " to the heirs for whom such a suit is brought. But the plaintiffs claim that they are entitled to recover the whole value of the property not inventoried, and so the court instructed the jury. But they have shown no title to any part, much less to the whole. The damage which alone they should be held entitled

to recover is such special damage as they have sustained by the omission to inventory. But they showed no such damage. The court therefore erred in instructing the jury that there could be any recovery for the benefit of these plaintiffs—and especially in instructing them that they could recover the whole value of the property. The judgment and the payment by the defendant of the full amount of it, would not transfer the property to the defendant. These plaintiffs have no title that could be so transferred. It would still belong to the estate, and after a settlement and on distribution these same heirs would be entitled to it; or creditors could call for it, and they would not be affected by the judgment here. The case of *Minor* v. *Mead*, 3 Conn., 289, which is cited against us, does not conflict with our claim, for that action was under our old law, before the statute of 1848, and the declaration did not aver that it was for the benefit of any particular person. There too there was no uncertainty as to the amount due to the creditor, for it had been judicially ascertained and established by the commissioners, whose proceedings had been sanctioned by the court of probate; and there was too no uncertainty in regard to the sufficiency of the assets to pay the debt, as it was admitted that " the lands were of greater value than the debt."

Upon the motion in arrest:—The declaration is insufficient. The statute (Rev. Stat., tit. 1, sec. 101,) requires that the declaration shall show for whose benefit the action is brought, " and how such persons are interested in the same, and how the act or neglect of the defendant has injured their rights." The declaration here shows no title at all in the real plaintiffs, inasmuch as it does not show that which is indispensable to give title. And it does not show that after the payment of debts and expenses there will be anything left belonging to them. Nor does it show any injury sustained by them by reason of the omission to inventory.

*Loomis* and *Sturges*, with whom was *Wilson*, contra.

HINMAN, C. J. Previous to the statute of 1848, requiring

the plaintiff in actions on probate bonds to set forth for whose special benefit the action is prosecuted, and how such persons are interested in the same, and how the act or neglect of the defendant has injured their rights or affected their interests, this action would have been held to be properly brought and correctly disposed of by the superior court. The case of *Minor* v. *Mead*, 3 Conn., 289, is identical in principle with the case as it would then have stood, and that case has been acted upon as established law ever since. *Rowland* v. *Isaacs*, 15 Conn., 115. When the whole penalty of a bond is forfeited by the breach of some of its conditions, a defendant ought not to object to the statutory rule of an assessment of such damages " as are justly and equitably due." The question in the case, therefore, is narrowed down to a mere question as to the object and effect of the act of 1848. Rev. Stat., tit. 1, sec. 101. An administrator's bond is the security by which persons interested in the estate have it in their power to enforce the discharge of duty by the administrator, and practically a suit upon the bond is the only mode of recovering the damages caused to parties in interest by a breach of this duty. Now the legislature never intended to impair at all the efficiency of this remedy so far as it might properly be used for this beneficial purpose; but the evil aimed at by this statute consisted in the bringing of actions for some nominal and technical breach of a probate bond, and subjecting a party to vexation and cost, where there was no substantial or real injury to any one to be redressed. It often happened also where there were doubtful claims against an estate, that a party having such a claim was able to find that there had been some merely technical breach of the bond, of no real injury to any one, consisting perhaps in an omission to return an inventory until a few days after the limited time for that purpose had expired, and was thus able in a suit upon the bond, by taking advantage of such merely technical breach, to try his chance for a recovery for his doubtful claim principally at the expense of the defendant, when he would himself have been unwilling to risk the expenses of a law suit on such a claim, if he was sure of being subjected to costs if he failed to recover it. To some

extent therefore, the law as it stood before the enactment of this statute might be said to encourage needless litigation, and this we think was the principal evil the legislature intended to correct. The requirement that the name of the party for whose special benefit the action is prosecuted shall be set forth, was not intended to make any change in the parties to the cause. The action is still to be brought in the name of the judge of probate, who, if he recovers, is a trustee for the parties really interested, as was always the case. It was claimed that this provision placed the plaintiff's right of recovery in the same condition as if the parties for whose benefit the suit is brought were themselves the plaintiffs upon the record, and consequently that any thing that shows that these parties had not a strict legal title at the time to the specific property for which damages are sought to be recovered, will defeat the action. But we are satisfied that the legislature never contemplated any such result, and that nothing was further from their intention. To require that the persons for whose benefit the suit is brought should have a legally vested interest in the subject matter, and an immediate right to the possession of the property for which damages are sought to be recovered—in this case a right as heirs in the same manner as if the property had been distributed to them under orders of the probate court—would very greatly impair the usefulness of the probate bond as a means of enforcing the settlement of estates. Judges of probate would be very reluctant on their own account to institute suits, and if heirs could not do it before distribution in cases like this, where the administrator refuses to return any inventory whatever, there would be great danger of an entire failure of justice. The legislature were aware of the course of decisions commencing with the case of *Minor* v. *Mead,* and did not, as we think, intend to change the law established by them, except to the extent and for the purpose we have indicated. The language of the statute is fully answered by the construction which we give to it, and persons having an ultimate interest in estates, either as heirs, devisees or creditors, may cause estates to be properly settled by instituting suits on probate bonds, either for a neglect to

inventory estate in which they have such ultimate interest, or for a neglect to settle an administration account, or for any other neglect of duty which may work a substantial injury to them. We have no doubt therefore that the right of an heir, devisee or creditor, constitutes a sufficient interest for the prosecution of a suit upon a probate bond, although such right has not been definitely fixed or adjudicated upon by orders or decrees of the probate court determining the precise amount of the respective interest. And we are therefore of opinion that the declaration is sufficient, and that both the motion in arrest and that for a new trial should be overruled.

It was said that, as the property in this case consisted of choses in action, it was not necessary that it should be inventoried under the statute ; but this is incorrect, as our present statute expressly requires an inventory of the choses in action as well as of other property. Rev. Stat., tit. 14, sec. 28.

If we are correct in holding that the neglect to return an inventory was such a breach of the bond as enables an heir to the estate to prosecute a suit on the bond in the name of the judge of probate, although his precise interest as heir has not been definitely settled, either by the settlement of the administration account or by an order for distribution, then it follows that the full value of the property thus withheld from the inventory was the correct rule of damages in the case. It is not for the defendant to inquire what is to be done with the damages recovered. The estate is the loser to the precise extent of the property withheld ; and that should be made good. If any equitable circumstances existed which would go to show that the loss to the estate was less than the full value of such property, it was for the defendant to show it.

We advise that the motion in arrest be overruled and that a new trial be not granted.

In this opinion the other judges concurred, except PARK, J., who having tried the case in the court below did not sit.