McNabb *v.* Wixom.

---

ARTHUR McNABB, Appellant, *v.* W. W. WIXOM *et als.,* Respondents.

Duties of Administrators—Care and Diligence. Whenever an administrator does what the law prohibits, or fails to exercise reasonable care and diligence in the endeavor to do what the law enjoins, he and his sureties are liable for the damage consequent upon such act or omission.

Neglect by Administrator to Pay Over—Liability for Subsequent Loss. If an administrator deposits money of an estate in a bank, and allows it to remain after the time when, if he had fulfilled his duty, it would have been distributed and in the hands of those entitled to it; and the bank fails and the money is lost, he and his sureties are liable therefor.

Measure of Damages for loss by Neglect of Administrator. Where money of an estate is lost by reason of such neglect of an administrator as he and his sureties are liable for, the sum lost constitutes the measure of damages.

Time Within which Administrators to Account and Settle. Where a complaint against an administrator to recover money lost by his alleged neglect set out that it was his duty to render his account and settle and distribute on the expiration of a year from his appointment; that he was required by the demands of the heir to do so, but refused; and that seven months after the expiration of the year, the bank in which the money of the estate was deposited failed and the money was lost; *Held*, that it did not follow from the allegations that it was the administrator's duty to file his final account on the expiration of the year, or to have completed the distribution of the estate prior to the breaking of the bank.

McNabb *v.* Wixom.

INVENTORY NOT CONCLUSIVE EVIDENCE. An inventory filed by an administrator is not conclusive evidence either for or against him or his sureties, but is open to denial or explanation.

ADMINISTRATOR BOUND BY DECREE OF SETTLEMENT. A decree of settlement and distribution by a probate court is binding upon the administrator.

ARE ADMINISTRATORS' SURETIES BOUND BY DECREE OF SETTLEMENT? Whether or not a decree of settlement and distribution is conclusive or even prima facie evidence of anything more than the fact of its rendition; it is to be observed that the bond required by our statute differs from that in use in states where such sureties are held bound.

NEGLECT OF ADMINISTRATOR TO ACCOUNT—DEMAND AND REFUSAL NOT NECESSARILY CONVERSION. Where in a suit against an administrator and his sureties for moneys alleged to have been lost by failure and refusal of the administrator to file his final account and distribute the estate nineteen months after his appointment: *Held*, that the mere failure on the part of the defendants to deny the demand and refusal did not admit the conversion alleged:

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The defendant, Wixom, was public administrator of Lander County; the other defendants, sureties on his official bond, were A. Haas, M. A. Sawtelle and Mark McKimmins. The complaint was very full, and among other things set out the inventory, the final account and its settlement, and the decree of distribution; also demand for the amount found due on settlement and ordered to be distributed, refusal to pay the same, and its conversion by the administrator.

The final account and report was as follows:

" APPRAISED VALUE OF ESTATE.

" One cream-colored horse, currency . . . . . . . . . .   $75.00
　　One grey horse,　　　　　　"　. . . . . . . . . .   75.00
　　100 shares of vineyard stock, "　. . . . . . . . .   200.00
　　Colt's revolver,　　　　　"　. . . . . . . .   25.00
　　Saddle,　　　　.　　　　"　. . . . . . . . . .   15.00
　　Coin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1400.00
　　Currency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175.00

$1,965.00

McNabb *v.* Wixom.

> " In coin . . . . `. . . . . . . . $1,400
>     In currency . . . . . :. .   565
>
>     Total. . . . . . . . . . . . $1,965

" Of the above property there has been sold, the cream-
    colored horse, for currency . . . . . . . . . . . . . . . . ..... $75.00
The grey horse,       ' "        ... ............. :.. 36.00

" The saddle, revolver, and vineyard stock still remain unsold
and in my possession.

" There came into my hands, from the estate of said deceased,
two certificates of deposit in the First National Bank of Nevada,
one dated June 19th, 1866, for $175, currency, and the other
dated June 17th, 1867, for $1,400, coin, in favor of said Robert
McNabb. I presented the certificates at said bank, and had the
deposits above named placed to my credit as administrator of said
estate, receiving, at the time, from the cashier of said bank, a re-
ceipt therefor. On or about the —— day of October, A. D. 1869,
and whilst the whole of said money was still on deposit as aforesaid,
the said First National Bank of Nevada failed, and the said deposits
have been lost, except in so far as the said bank, upon the final
settlement of its affairs, may be able to meet its liabilities.

" MONEY DISBURSED, COIN : G. A. Davis, auctioneer, $10 ;
appraisers, $15 ; clerks' fees, $20 ; printing, $10 ; ranching and
feeding horses, $57.25 ; F. Wheeler's board bill, $70 ; fees,
$81.68 ; Jos. F. Triplett, $50 ; attorneys' fees, T. Wren, $100 ;
Total, $413.93."

The said account was verified by the oath of defendant Wixom,
and filed June 14th, 1870.

On August 4th, 1870, the court below confirmed, allowed and
settled said account, and rendered its judgment and decree, allow-
ing, confirming and settling said account and report.

On August 6th, 1870, the plaintiff filed a petition for an order
of distribution of the estate, and that all the property and funds
belonging to the estate might be given to him.

On September 10th, 1870, the following decree of distribution
was made and entered :

"*In the District Court of the County of Lander, State of Nevada:*

"In the Matter of the Estate of } Decree of Distribution of Estate.
Robert McNabb, deceased.        }

" Arthur McNabb, brother and sole heir of Robert McNabb, deceased, having on the sixth day of August, A. D. 1870, filed in this court his petition, setting forth among other matters that the accounts have been finally settled ; that all the debts of said deceased and of said estate, and the expenses and charges of administration, have been paid ; that a portion of said estate remains to be divided among the heirs of said deceased, and praying for an order of distribution of the residue of said estate among the persons entitled.

" And this court having thereupon, to wit : on the day aforesaid, made an order directing all persons interested in said estate to be and appear before this court at the court room thereof, on Saturday the tenth day of September, A. D. 1870, at 10 o'clock A. M., then and there to show cause why an order of distribution should not be made of the residue of said estate among the heirs of said deceased, according to law, and directing a copy of said order to show cause to be published for four successive weeks before said tenth day of September, A. D. 1870, in the " Reese River Reveille," a newspaper printed and published in the said county of Lander. And at said hour and on said tenth day of September, A. D. 1870, upon satisfactory proof of the due publication in said newspaper of said order to show cause, for four successive weeks before said tenth day of September, A. D. 1870, as directed by this court, and upon proof that a copy of said order was served on W. W. Wixom, the public administrator of said county and administrator of said estate, on the eighth day of August, 1870, in said county of Lander, and the said Arthur McNabb appearing by his counsel, H. Mayenbaum, this court proceeded to the hearing of said petition ; and the inventory and appraisement of said estate, the final account of said W. W. Wixom, administrator, the decree allowing and settling the same, and the decree of due publication of notice to creditors, together with other documentary and record proofs, were offered and put in evidence ; and D. C. McKenney was examined under oath in open court, and it appear-

ing to the satisfaction of this court, from said documentary and other proofs and said examination of said D. C. McKenney, that said W. W. Wixom duly qualified as such administrator of said estate on the sixteenth day of March, A. D. 1868, and thereupon entered upon the administration of said estate, and has ever since continued to administer the same; that due and legal notice to creditors was published, and that a true inventory and appraisement of said estate were duly made and returned to this court; that more than two years have elapsed since the appointment of said W. W. Wixom as such administrator, and more than ten months have expired since the first publication of said notice to creditors; that on the fourteenth day of June, A. D. 1870, said administrator filed his final accounts; and that after due hearing and examination the same were finally settled; that the said administrator has fully accounted for all the estate that has come to his hands, and that the whole estate, so far as has been discovered, has been fully administered, and the residue thereof, consisting of the property described in said final account, is now ready for distribution; that all the debts of the said deceased and of said estate, and all the expenses of the administration thereof thus far incurred, and all taxes that have attached to or accrued against the said estate have been paid and discharged, and said estate is now in a condition to be closed.

"That the residue of said estate is the property described in said final account after deducting the moneys disbursed by said administrator as set forth on page 3d of said final account; that the said Robert McNabb died intestate, in the said county of Lander on the third day of October, A. D. 1867, leaving a surviving brother and sole heir, the said Arthur McNabb; that the said Arthur McNabb is entitled to the whole of the residue of said estate.

"Now on this, the tenth day of September, A. D. 1870, on motion of H. Mayenbaum, Esq., counsel for said Arthur McNabb, no exceptions or objections being filed or made by any person interested in the said estate, or otherwise; it is hereby ordered, adjudged and decreed, that the said residue of said estate of Robert McNabb, deceased, now remaining in the hands of the said W. W. Wixom, and any other property not now known or discovered, which may

belong to the said estate, or in which the said estate may have any interest, be and the same is hereby distributed as follows, to wit: the whole of the said residue of said estate to be given and delivered by said W. W. Wixom to said Arthur McNabb. And it is further ordered: that the said W. W. Wixom, administrator, upon payment and delivery of the said residue as hereinbefore ordered, and upon filing due and proper vouchers and receipts therefor in this court, be fully and finally discharged from his trust as such administrator, and that his sureties shall thereupon and thenceforth be discharged from all liability for his future acts.

JOHN H. BOALT, District Judge."

*H. Mayenbaum,* for Appellant.

I. The answer does not deny a single material allegation in the complaint, or set up new matter. Such an answer should be stricken out, and the plaintiff have judgment upon the facts stated in his complaint. Practice Act, Sec. 50; *Curtiss* v. *Richards,* 9 Cal. 33; *Gay* v. *Winter,* 34 Cal. 153; *People* v. *McCumber,* 18 N. Y. 315; *Hill* v. *Sherwood,* 33 Cal. 478.

II. The complaint sets out the final account filed by Wixom as such administrator, and the decree of distribution. The denial that he has in his hands any money amounts to nothing, for the facts showing that he had the money in his hands are not denied. Besides, it may be true that the administrator has not the money in his hands, and still be responsible for it. If there be any claims unpaid, why are they not set out in the answer? The allegations in the complaint taken as true, because not denied, necessarily make the administrator liable.

The next denial to the answer is: " Defendants deny that the said W. W. Wixom ever converted to his own use any money or property belonging to said estate, with the intent to defraud the said plaintiff thereof, or with any intent or at all."

This denial is as frivolous and immaterial as the other denials.

III. The denial of any conversion is frivolous and immaterial. The complaint shows that plaintiff often demanded of the adminis-

trator to  pay over the residue of the estate, and  that  he refused. This constitutes a conversion.

The law requires accounting and  settlement of the estate on the expiration of  one year from the time of  the appointment of the administrator.    Section 230 of our Probate Act.

IV.  Wixom is responsible for the full amount of the deposits, because the  loss was incurred  by his own wrong, and  in violation  of his sworn duty as prescribed by statute and the express demands of the plaintiff, the heir at law.    The  bank broke  long after the year expired, and after the demands were made on him by the heir, and there was, therefore, no necessity or  excuse to  keep the  money in bank, for it should have  been  paid  and  the estate settled  up and distributed long before.

V.  If from necessity the money is  placed  in a bank during the time of administration, and the bank fail, the executor is not responsible ;  but if the bank fail after the necessity ceases the executor is responsible.    *Bacon* v. *Clark*, 3  Mylne  &  Craig, 295 ;  Williams on Executors, 1420–1538 ; 3 Leading Cases in Equity, 446 ;  *Estate of Millenovich*, 5  Nev. 177 ;  *Wagenblast* v. *Washburn*,  12 Cal. 208.

*George S. Hupp*, for Respondents.

·The main question presented is, whether  the  defendant Wixom, is chargeable with such laches as to render him  liable, as a matter of law, or is to be entitled to have that issue determined by a jury, upon the facts.    The question of negligence is one of fact, as well as of law, and  defendant claims  the  right to submit the facts to a jury.    Suppose he should prove that the sale of the vineyard stock was deferred  to a time subsequent to  the  failure of  said bank, by the express direction of the appellant !    *Powell* v. *Evans*, 5 Vesey, 839.

By the Court, GARBER, J. :

This is an action on  the  official bond  of  the  defendant Wixom, as public administrator ;  the  other defendants are the  sureties on the bond.    The condition of  the  bond is that :  " Said Wixom shall

well, truly and faithfully perform all and singular the duties, of every nature whatsoever, appertaining to said office, required of him to be done and performed by the laws now in force, or that may be enacted by the legislature of the state of Nevada, subsequent to the execution of this bond." The breaches assigned in the complaint are that Wixom violated his trust; *first,* in refusing to account for his administration, until one year after the time required by law; and, *second,* in refusing to pay over and deliver to the plaintiff the residue of the estate, as required by the decree of distribution set forth in the complaint. The defendants filed an answer, and the plaintiff moved the court to strike out the answer, and for judgment according to the prayer of the complaint. The motion was denied, and the plaintiff declining to offer any testimony, judgment on the pleadings was rendered in favor of the defendants. It is contended for the appellant, that the answer fails to deny the material allegations of the complaint, and that the only question to be determined is, whether the plaintiff is entitled to judgment upon such admitted allegations. In his argument in favor of an affirmative answer to this question, counsel assumes as matter of fact, that the complaint shows that Wixom was appointed administrator of the estate of Robert McNabb, deceased, on the fourteenth day of March, 1868, and received letters on the sixteenth day of March, 1868: that he refused to file his account, until he was finally compelled to do so, on the fourteenth of June, 1870, by compulsory citation; that from March 16th, 1869, to October 1st, 1869, the plaintiff often demanded of him to file his account; that according to his final account, rendered June 14th, 1870, he had in his hands, belonging to the estate, the sum of $1,965; of which sum, the two principal items were two certificates of deposit of money in the First National Bank of Nevada, one for $175 currency, and the other for $1,400 gold coin; and that these certificates were by him presented to said bank, and said deposit caused by him to be placed to his credit as administrator; and that afterwards, in October, 1869, the bank failed and the deposits were lost.

As matter of law, counsel argues: " That the statute requires accounting and settlement of the estate on the expiration of one year from the time of the appointment of the administrator. Sec-

tion 230, Probate Act.  And upon the final accounting, the estate must be distributed.  Section 260.  Then it was the duty of Wixom to file his final account on the seventeenth of March, 1869. He was required by statute and the demands of the heir, to account, settle and distribute the estate in March, 1869.  The bank failed seven months after that time.  Had he performed his plain duty, the funds would not have been lost."  It would seem then, that the right of the plaintiff to recover, on the pleadings, the whole amount in dispute, is rested solely on the first breach assigned.

We quite agree that an administrator is bound to the exercise of care and diligence, such as prudent and judicious men ordinarily bestow upon their own important affairs; that it is his duty to settle and distribute the estate with as little delay as practicable; and that whenever he does what the law prohibits, or fails to exercise reasonable care and diligence in the endeavor to do what the law enjoins, he and his sureties are liable for the damage consequent upon such act or omission.  So long, then, as it continued to be the duty of Wixom, as administrator, to retain this money in his custody, he had the right to deposit it for safe keeping in a bank of good standing and credit.  This is exactly what prudent and judicious men ordinarily do with such of their own funds as the exigencies of their business require them to keep on hand.

But when the administrator allows the money, so deposited, to remain in the bank after the time when, if he had fulfilled his duty, it would have been distributed and in the hands of those entitled to it, an entirely different case is presented.  In such case, the neglect of his duty is a breach of the condition of the bond; and if the money is lost by reason of such neglect, the sum lost constitutes the measure of damage.  Upon this principle, it is held that a sheriff, failing to pay over money collected on execution, until after the time it was his duty to pay it over, cannot devolve upon the party entitled any loss which results from the depreciation of the money which, when collected, was current and of specie value. *Wallace* v. *Graham*, 13 Rich. (Law) 322.  So, an action lies against an attorney, for not obtaining judgment as soon as he ought, upon the allegation, *inter alia*, that the defendant could and might, in case he had prosecuted the action with due diligence and dis-

patch, have obtained judgment at a certain term.     2 Chitty Pl. 374.

But we think it cannot be affirmed, as a proposition of law necessarily resulting from the untraversed allegations of this complaint, that it was the duty of Wixom to file his final account on the seventeenth of March, 1869, and to have completed the distribution of the estate prior to the failure of the bank, in October, 1869. Probate Act, Secs. 249, 250.

Possibly, notwithstanding the lapse of a year since his appointment, and the sufficiency of the funds in his hands for the payment of debts, the estate was not in a proper condition to be closed. For instance, the title to the assets may have been involved in litigation.    But, by no admitted allegation of the complaint is it directly averred that Wixom had in his hands funds sufficient for the payment of all debts on the seventeenth of March, 1869, or that he had such funds in time to enable him to procure and comply with a decree of distribution before the failure of the bank.    The averment that he filed an inventory showing that the money came into his hands, is by no means equivalent to an averment that he then had the money.    The inventory is not conclusive, either for or against the defendants, but is open to denial or explanation. *Hoover* v. *Miller*, 6 Jones' Law, (N. C.) 80; *Cameron* v. *Cameron*, 15 Wis. 1; *Willoughby* v. *McCluer*, 2 Wend. 608.    The decree of settlement does not even purport to decide what period intervened between the receipt of the money by Wixom and the failure of the bank; and it does not appear that, in the proceedings for distribution, the time of the receipt of the money was in issue. *King* v. *Chase*, 15 N. H. 9.

The uncontroverted allegations are, therefore, insufficient to warrant a judgment on the pleadings for the amount deposited in the bank, so far as the recovery depends upon the first breach assigned. *Letters* v. *Cady*, 10 Cal. 533; *Green* v. *Palmer*, 15 Cal.; *Russell* v. *Mann*, 22 Cal. 132; *Racouillat* v. *Rene*, 32 Cal. 455; *Meriden, etc.* v. *Whedon*, 31 Conn. 118; *Ralston* v. *Strong*, 1 Chip. (Vt.) 293.    The facts alleged, so far as they are not denied, are at most but *prima facie* evidence that Wixom failed to perform his duty, and that in consequence the loss occurred.

We have no doubt, however, that for the second breach assigned, the plaintiff was entitled to a judgment against all the defendants for the whole amount ordered to be distributed, (whatever that may be) if the sureties are bound by the operation and effect of the decree of distribution, or for the amount admitted by the answer to have been in the hands of the administrator subject to distribution, if the sureties are not so bound. We are speaking, of course, of the judgment to which the plaintiff was entitled on the pleadings, not of that to which he may entitle himself by the proofs.

The decrees of settlement and distribution are binding upon Wixom. Whether, as against the sureties, they are conclusive, or even *prima facie* evidence of anything more than the fact of their rendition, is a question which has not been argued, and which for that reason and because of its importance we do not now decide. Besides, on the decision of this may possibly depend the materiality of other questions, namely: Does the decree confirming the final account adjudicate that Wixom was, or that he was not, guilty of a devastavit to the amount of the sums deposited? Or, does it fail to decide the point? And is the hearing of a petition praying for an order of distribution the proper time and place to determine whether anything which ought to be accounted for by the administrator has been omitted, especially where an account has been settled since the alleged devastavit occurred?

The condition of the bond in suit, it will be observed, differs from that in use in most, if not all, of the states where it is held that the sureties of an administrator are bound by such decrees rendered in the probate court. These decisions seem to turn mainly on the terms and construction of the condition of the bond. See *Lipscomb* v. *Postell*, 38 Miss. (9 George) 476; *Ordinary* v. *Condy*, 2 Hill, (S. C.) 313; *Tracy* v. *Goodwin*, 5 Allen, (Mass.) 409; *Dane* v. *Gilmore*, 51 Maine, 544; *State* v. *Jennings*, 14 Ohio St. 75; *Irwin* v. *Backus*, 25 Cal. 222; *Pico* v. *Webster*, 14 Cal. 202; 2 American Leading Cases, 440 *et seq.* The same may be said of the cases which hold that in an action on the bond, the court will not go into the accounts of the administrator, nor give damages for the non-payment or non-delivery of a distributive share,

until a decree in probate has ascertained and adjudged the precise amount of the shares, and ordered its payment or delivery to the proper persons. *Archbishop, etc.,* v. *Tappen,* 8 B. & C. 151; *Ordinary* v. *Mortimer,* 4 Rich. (Law) 271; *Chairman* v. *Moore,* 2 Murphy, 22; *Chairman* v. *Hicks,* 1 Murphy, 437; *Blakeman* v. *Sherwood,* 32 Conn. 328; *Moore* v. *Holmes,* 32 Conn. 560; *Hurlburt* v. *Wheeler,* 40 N. H. 73; *Wiley* v. *Johnsey,* 6 Rich. (Law) 358; *Ordinary* v. *Hunt,* 1 McM. (S. C.) 382; *Jones* v. *Irvine,* 23 Miss. 361; *Burrus* v. *Thomas,* 13 Smedes & M. 464.

On the other hand, strong arguments from convenience and the purview of our probate act commend the adoption of the rule prevailing in those states in which the decrees bind the sureties equally with the principal. The answer does not, by failing to deny the demand and refusal, admit the conversion alleged. *Colton* v. *Sharpstein,* 14 Wis. 232; *Hill* v. *Covell,* 1 Comstock, 524. The judgment is reversed and the cause remanded.